UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                                    CRIMINAL ACTION

VERSUS                                                                                      NO. 12-051

WALTER CONLEY                                                                     SECTION "K"

ORDER AND REASONS

Before the Court is Defense Motion to Retain Forensic Psychiatrist for Competency Evaluation (Doc. 262) filed by counsel for Walter Conley on July 16, 2013. On April 3, 2013, a Joint Motion for Psychiatric or Psychological Examination to Evaluate Defendant's Competency to Stand Trial was granted. Pursuant to that order, Dr. Harminder Mallik conducted an Independent Psychiatric Evaluation on April 23 and 24, 2013 and rendered an opinion on June 6, 2013, finding the defendant competent to stand trial in that he is capable of consulting with his attorney with a reasonable degree of rational understanding.

On July 9, 2013, a status conference was held to determine whether a competency hearing was necessary. Counsel for defendant informed the Court that he was unhappy with some of the expert's findings and would seek to have another expert appointed. The Court ordered the instant motion filed with respect to defendant's counsel's request for retention of a forensic psychiatrist and set a competency hearing for the defendant to occur on August 1, 2013. Thus, the Court must now determine whether the defendant is entitled to the appointment of yet another expert. The Court turns to the relevant law concerning the determination of mental competency to stand trial.

Section 4241 of Title 18 of the United States Code provides in relevant part:

(a) **Motion to determine competency of defendant.**–At any time after the commencement of a prosecution for an offense and prior to the sentencing of

the defendant . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering hism mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(b) **Psychiatric or psychological examination and report.**–Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be field with the court, pursuant to the provisions of section 4247(b) and (c).

18 U.S.C. §§ 4241(a) and (b).

Nothing in these statutory provision requires the Court to appoint a second expert for purposes of evaluation. The appointment of Dr. Mallik, a forensic neuropsychiatrist of the School of Medicine at Tulane University, was made by joint motion and appointed as such, thus an independent expert has been appointed for the evaluation of the defendant. The Court shall proceed with the hearing at which time it will consider all the evidence presented and make its determination. Accordingly,

**IT IS ORDERED** that the Defense Motion to Retain Forensic Psychiatrist for Competency Evaluation (Doc. 262) is **DENIED**.

New Orleans, Louisiana, this 25th day of July, 2013.

                                     **STANWOOD R. DUVAL, JR.**
                           **UNITED STATES DISTRICT COURT JUDGE**