UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                                        NO. 12-51

WALTER CONLEY                                                     SECTION "K"(3)

### ORDER AND REASONS

Before the Court are two letters, one received on August 9, 2013, and one received on August 16, 2013, sent by Mr. Walter Conley. The Court shall treat these two letters as a Motion to Substitute Counsel. Based on the procedural history of this matter, the Court finds this motion to be without merit.

This matter has been pending as to Mr. Conley since January 27, 2012. There are nine defendants in this criminal RICO indictment. Mr. Conley is one of two of the defendants who was initially subject to the death penalty, although the United States made the decision not to pursue this course on October 25, 2013. The indictment arises out of gang activities that included an on-going drug distribution conspiracy and the death of at least two persons. Six of the nine defendants indicted have pled guilty and have signed agreements to cooperate at trial and factual bases that outline in detail the criminal activities of all indicted.

Mr. Conley initially sought to convince the Court that he was not competent to stand trial. To that end, the Court had the defendant evaluated and for reasons issued in open court on August 1, 2013, the Court found that Mr. Conley's machinations were a sham. Mr. Conley's attorney ably represented him and indeed requested a second examination which request was denied by the Court.

Less than a week after the Court found Mr. Conley competent, he wrote a most lucid letter claiming that he had a "conflict of interest" with his attorney. In this letter he opined that he had not been given any of his "legal paper work." The Court conducted a status conference with the Assistant United States Attorney and Mr. Fleming concerning these contentions on August 12, 2013, and believed them to be unfounded. However, counsel agreed to meet again with Mr. Conley.

On August 14, 2013, Mr. Fleming met with Mr. Conley after which Mr. Conley sent the Court another letter, that dated August 14, 2013, in which he represented that the visit was not "a very good visit at all." He did not state with any particularity what was his complaint as to Mr. Fleming except that allegedly Mr. Fleming had alleged that Mr. Conley "was playing with him." Given the facts of this case, such a statement could not be said to have no basis in the truth.

On August 15, 2013, Mr. Landrieu, the AUSA assigned to this matter met with Mr. Conley and no mention was made that there was any problem between Mr. Fleming and Mr. Conley. Mr. Conley was provided with all of the materials that had allegedly been kept from him by Mr. Landrieu. Plea negotiations continued, and certain revisions were agreed to at that meeting. Mr. Fleming again visited with Mr. Conley on Saturday, August 17, 2013, and Mr. Conley made no mention of his complaints to Mr. Fleming. In the event the parties do not arrive at a plea agreement, the matter is set for trial for the third time on September 23, 2013.[1]

As stated by the United States Court of Appeals for the Fifth Circuit, an indigent defendant has no right to appointed counsel of his or her choice. *United States v. Fields*, 483

---

[1] This setting is the third setting. See Rec. Doc. 120 (Jan. 14, 2012 first trial setting); Rec. Doc. 203 (May 13, 2013 second trial setting); Rec. Doc. 220 (September 23, 2013 third trial setting).

F.3d 313, 350 (5th Cir. 2007) citing *United States v. Breeland*, 53 F.3d 100, 106.n. 11 (5th Cir. 1995). The appellate court continued, "Rather, '[a] defendant's refusal without good cause to proceed with able appointed counsel constitutes a voluntary waiver of right.'" *Id.* As also outlined by the Fifth Circuit in *United States v. Pineda Pineda*, 481 F.3d Appx. 211, 2012 WL 2944905 (5th Cir. July 19, 2012):

> "The right to counsel of choice is not absolute, and a court retains wide latitude in balancing that right against the needs of fairness and the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151-52, 126 S. Ct. 2557, 165 L.Ed.2d 409 (2006); *Morris v. Slappy*, 461 U.S. 1, 11-12, 103 S. Ct. 1610, 75 L.Ed.2d 610 (1983); [*United States v.*] *Hughey*, 147 F.3d at 429-32. "[T]rial courts must necessarily be wary of last minute requests to change counsel lest they impede the prompt and efficient administration of justice." *McQueen v. Blackburn*, 755 F.2d 1174, 1179 (5th Cir. 1985) (internal quotation marks and citation omitted).

*Pineda Pineda* at 212, *1.

It appears to the Court that this request is yet another attempt by Mr. Conley to avoid trial, and this behavior will not be serviced. Mr. Fleming has demonstrated to the Court his professionalism and his zeal in representing his client. Indeed, the United States chose not to pursue the death penalty while Mr. Fleming was his counsel. There is simply no merit in this request. It is a delaying tactic which the Court will not countenance. Accordingly,

**IT IS ORDERED** that the letters received by the Court on August 9, 2013 and August 16, 2013 are treated as a Motion to Substitute Counsel and such motion is hereby **DENIED**.

New Orleans, Louisiana, this 20th day of August, 2013.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**

3