UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                        CRIMINAL ACTION

VERSUS                                                          NO: 12-51

WALTER CONLEY                                                   SECTION: "S"

ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(1)A)(i)** (Rec. Doc. 488) is **DENIED**.

BACKGROUND

On August 22, 2013, defendant Walter Conley pleaded guilty to Counts 1, 3, 6, 13, 24, and 25 of the Second Superseding Indictment. Count 1 charged him with participating in a RICO conspiracy, Count 3 charged him with participating in a conspiracy to use firearms in furtherance of a crime of violence and drug trafficking crime, Count 6 charged him with participating in a non-fatal shooting in aid of racketeering, Count 13 charged him with using a firearm in furtherance of a crime of violence and drug trafficking crime that resulted in death, Count 24 charged him with carjacking, and Count 25 charged his with discharging a firearm in furtherance of a carjacking. Defendant signed a factual basis detailing his involvement in these crimes.

Defendant's guideline imprisonment range was for 360 months to life, plus a consecutive 120 months for Count 25, yielding a total minimum sentence of 480 months. On February 26, 2014, Judge Stanwood Duval sentenced defendant to 480 months. Conley is currently serving his sentence at Forest City Medium FCI. His projected release date is April 25, 2044.

In the instant motion, defendant seeks a reduction in sentence/compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that due to his history of previously having contracted COVID-19, his history of epilepsy, and effects stemming from a gunshot wound to his head, extraordinary and compelling reasons are present that warrant his compassionate release. He further argues that his aging grandparents require a caregiver, which he is willing and able to do, and that he has extensively rehabilitated himself while incarcerated.

The government opposes the motion, arguing that the Covid pandemic does not constitute an extraordinary and compelling reson for a reduction of sentence, and that defendant is a danger to the community.

## DISCUSSION

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Under that provision, the court,

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction.... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

*Exhaustion Requirement*

The requirement that a defendant file a request with the Bureau of Prisons ("BOP") before filing a motion in federal court is a mandatory, but non-jurisdictional, claim-processing rule. United States v. Franco, 973 F.3d 465, 467 (5th Cir. 2020). Thus, exhaustion is mandatory

if properly raised, but may be waived or forfeited by an opposing party. Nutraceutical Corp. v. Lambert, 139 S. Ct. 710, 714 (2019).

In this case, the government acknowledges that the exhaustion requirement has been met, and the court therefore considers the merits.

*Merits Discussion*

Title 18, section 3582 permits the court to reduce the term of imprisonment only after considering the applicable factors set forth in section 3553(a) and upon a finding that extraordinary and compelling reasons warrant a reduction and that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The applicable Sentencing Commission policy statement provides that a defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[the defendant] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.[1] Under the application notes to the Guideline, the court reaches the question of "extraordinary and compelling reasons" only after the defendant has satisfied the requirement of subsection two, that he is not a danger to the safety of others under section 3142(g). U.S.S.G. § 1B1.13, cmt. n.1.

In determining if a defendant is a danger to another person or the community, title 18, section 3142(g) requires consideration of factors including, inter alia, "the nature and

---

[1] The Fifth Circuit has held that when considering motions filed by defendants (as opposed to the Bureau of Prisons), U.S.S.G. § 1B1.13 is "not dispositive", but it "informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." See United States v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021); United States v. Shkambi, 993 F.3d 388, 392 (5th Cir. 2021).

circumstances of the offense charged, including whether the offense is a crime of violence, . . . or involves . . . a controlled substance, firearm, explosive, or destructive device", the weight of the evidence against the defendant; and the history and characteristics of the defendant, including, inter alia, the person's character, past conduct, and criminal history, as well as "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C.A. § 3142(g).

Defendant argues that the COVID-19 pandemic coupled with his medical conditions constitute an extraordinary and compelling reason warranting reduction. However, he makes no attempt to demonstrate that he is not a safety danger under section 3142(g), which is a prerequisite to the "extraordinary and compelling reason" inquiry, beyond noting his participatin in prison programming.

In this case, defendant pleaded guilty to participating in violent gang activity, including a non-fatal shooting, a murder, firearms offenses, and car-jacking. The defendant's criminal history includes convictions for two counts of possession of marijuana and illegal carrying of a weapon. In addition, while serving his current sentence, defendant has been sanctioned for fighting, possession of a dangerous weapon, engaging in sexual acts, and failure to follow orders.

Under section 3142(g), convictions involving crimes of violence, a controlled substance, or firearms are specifically identified as factors that demonstrate that a defendant is a danger to the community. Moreover, defendant's criminal history is not negligible, and his behavior while in prison is concerning. Considering these factors, the court finds that defendant has failed to establish that his release would not pose a danger to the community, and thus he does not qualify

for a reduction in sentence.

Further, defendant's medical condition does not rise to the level of an "extraordinary and compelling reason" warranting a reduction. While the application notes to the policy statement provide that certain types of medical conditions qualify as "extraordinary and compelling reasons," such as when a defendant is "suffering from a serious physical or medical condition," the condition must also be one "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility. . . ." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). There is no suggestion in the record that defendant is presently unable to take care of himself within the confines of his facility. To the contrary, the record reflects that defendant's medical care level within his facility is Level 1, meaning that he is considered healthy or receives simple chronic care, and he has a regular work duty status. He has recovered from and been vaccinated for COVID-19, and the gunshot wound to the head was present prior to sentencing and included in the PSR report considered by the sentencing judge. His medical records further reflect that his partial epilepsy has been well-controlled with oxcarbamazepine twice daily. On this record, the court finds that defendant's medical condition does not satisfy the standard required for a reduction of his sentence.

Defendant's argument that relief is warranted so that he can provide care for his grandparents does not have merit. Application note (C) to USSG §1B1.13, addressing relief due to family circumstances, is inapplicable in defendant's case. That provision explains that extraordinary and compelling circumstances are present in situations involving the death or incapacitation of the caregiver of the defendant's minor children, or the incapacitation of the

defendant's spouse or registered partner when the defendant would be the only available caregiver for that person. The policy statement contains no provision for a reduction in sentence to care for grandparents.

Finally, the court also notes that consideration of the section 3553 factors does not support a sentence reduction. Under 18 U.S.C. § 3553(a), a court must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. As the foregoing discussion reflects, defendant pleaded guilty to multiple crimes of violence involving firearms, including murder and attempted murder. He has served a little over a quarter of his sentence. He has received multiple disciplinary citations while incarcerated. Accordingly, the court finds that in this case, the goals of section 3553(a), namely, for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, would be undermined by granting this defendant early release. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion for Reduction of Sentence**

Pursuant to **18 U.S.C. §3582(c)(1)A)(i)** (Rec. Doc. 488) is **DENIED**.

New Orleans, Louisiana, this <u>16th</u> day of December, 2021.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE